IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL D. WARDELL,** | ) | |
| Plaintiff, | ) | Civil Action No. 13-201Erie |
| | ) | |
| v. | ) | District Judge McVerry |
| | ) | |
| **CITY OF ERIE, et al,** | ) | Magistrate Judge Baxter |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, acting *pro se*, filed this civil rights action on July 8, 2013, along with another similar civil rights action, filed at Civil Action No. 13-202E. The two cases were consolidated as they were based on the same facts. Thereafter, Plaintiff was directed to file an Amended Complaint at this case number in order to combine the claims in the two cases and to more fully state his claims. Because the Original Complaint filed at each of the case numbers was vague as to the acts alleged against each Defendants, this Court specifically directed that the Amended Complaint contain "all of Plaintiff's allegations against every named Defendant" and that "Plaintiff must explain how each Defendant violated his civil rights." ECF No. 13.

The operative complaint in this action is filed at ECF No. 14. In the Amended Complaint, Plaintiff characterizes his case as "a civil rights action brought under U.S.C. § § 1983-1985 and raising supplemental state law claims concerning the actions of Defendant Erie County Sheriff's Dept. and Erie Police's [sic] Dept. in an unlawfully [sic] arrest, maliciously prosecuting [sic], and using excessive and unreasonable force against the Plaintiff Michael D. Wardell. This violating the Plaintiff's constitutional rights under the United States." ECF No. 14, page 1.

1

Plaintiff's Amended Complaint is bare-bones, but seems to raise constitutional and state tort claims arising out of a false arrest situation. This Court liberally construes[1] the Amended Complaint as raising legal claims of false arrest/imprisonment, malicious prosecution and excessive force.

As Defendants to this action, Plaintiff names the following: City of Erie Officers Kaschalk, Janus, Williams, and Russell and Erie County Sheriffs Deputies Habursky, David Orr, Jeremy Markham, and Doug Kubiak.[2] Although all these Defendants are named in the caption of the Amended Complaint[3], only Kaschalk and Habursky are mentioned within the body of the pleading. Plaintiff identifies the named parties alleging that "all Defendants acted in conspiracy. Erie City Officers came to agreement with four Erie County Deputies to be a witness in a criminal proceeding against the Plaintiff." ECF No. 14, page 1. Here, this Court liberally construes this allegation as attempting to state a claim of conspiracy.

---

[1] *Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Dep't of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court may consider facts and make inferences where it is appropriate.

[2] The docket reflects that the "City of Erie" and "Sheriff's Dept" are named as entity-Defendants. The Amended Complaint does not name either entity as a Defendant to this action or state any claim against either of them. Accordingly, these entities should be terminated from the docket by the Clerk of Court.

[3] The Amended Complaint lists "Attorney for Defendants" as a party in the caption. However, there are no factual or legal allegations upon which to base any claim against the attorneys in this case, and they have not been listed on the docket.

Both the City of Erie Defendants and the County Defendants have filed motions to dismiss and Plaintiff has filed an Opposition Brief thereto. See ECF Nos. 15, 18, and 21 (captioned as "Opposing Affidavits Motion for Summary Judgment"). The City Defendants also move for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). Plaintiff has also filed a motion for summary judgment and both sets of Defendants have filed a Response thereto. See ECF Nos. 22, 23, and 24.

Plaintiff's Amended Complaint is deficient in several ways. While the Amended Complaint is full of legal conclusions, it is short on facts. Plaintiff has not provided the basic factual allegations as to what each Defendant did to violate his rights.[4] Indeed, only Kaschalk and Habursky are even mentioned in the Amended Complaint.

Besides lacking basic factual specifics as to what each named Defendant did, the Amended Complaint is lacking in several other respects. The Amended Complaint does not indicate the date or place of the incident, the charges that were filed against Plaintiff, how the charges were resolved or how each of the Defendants acted to advance the alleged conspiracy against him. Plaintiff has not laid out enough facts to adequately allege a claim of false arrest/imprisonment[5], malicious prosecution[6], excessive force[7] or conspiracy[8].

---

[4] Liability can only be imposed if that official played an "affirmative part" in the complained-of misconduct. Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986). A supervisor must be personally involved in the alleged misconduct. Rode v. Dellarciprete, 845 F.2d 1958, 1207 (3d Cir.1988). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) quoting Rode, 845 F.2d at 1207.

[5] To state a claim for false arrest, a plaintiff must allege: "1) that there was an arrest; and 2) that the arrest was made without probable cause." Dennis v. City of Bridgeton, 2006 WL 3359712, at *2 (D.N.J. 2006). A warrantless arrest of an individual in a public place for a felony is consistent with the Fourth Amendment if the arrest is supported by probable cause. Maryland v. Pringle, 540 U.S. 366, 368 (2003) citing United States v. Watson, 423 U.S. 411, 424 (1976). "[P]robable cause is a fluid concept-turning on the assessment of probabilities in particular factual contexts [.]" Pringle, 540 U.S. at 371, quoting Illinois v. Gates, 462 U.S. 213, 232 (1983). To determine

3

whether a law enforcement officer had probable cause to arrest, the district court must necessarily "examine the events leading up to the arrest, and then decide 'whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to' probable cause[.]" Pringle, 540 U.S. at 371, quoting Ornelas v. United States, 517 U.S. 690, 696 (1996).

To establish a claim for false imprisonment, a plaintiff is required to show that: 1) he was detained; and 2) the detention was unlawful. Gwynn v. City of Philadelphia, 719 F.3d 295, 304 n.4 (3d Cir. 2013) citing Renk v. City of Pittsburgh, 537 Pa. 68 (1994). See also Wallace v. Kato, 549 U.S. 384, 389 (2007) ("the sort of unlawful detention remediable by the tort of false imprisonment is detention with legal process."). A false imprisonment claim under § 1983 which is based on an arrest made without probable cause is grounded in the Fourth Amendment's guarantee against unreasonable seizures. Groman v. Township of Manalapan, 47 F.3d 628, 636 (3d Cir. 1995) (citations omitted). The general rule is that a seizure is unreasonable if the police lack probable cause. U.S. v. Davis, 726 F.3d 434, 439 (3d Cir. 2013).

[6] In order "[t]o prove malicious prosecution under section 1983, a plaintiff must show that: 1) the defendants initiated a criminal proceeding; 2) the criminal proceeding ended in plaintiff's favor; 3) the proceeding was initiated without probable cause; 4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and 5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." McKenna v. City of Philadelphia, 582 F.3d 447, 461 (3d Cir. 2009) citing Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir. 2003).

[7] An excessive use of force claim will be analyzed under the same standard whether it is brought by a pretrial detainee under the Due Process Clause of the Fourteenth Amendment or by a prisoner under the Eighth Amendment. See Fuentes v. Wagner, 206 F.3d 335, 346-47 (3d Cir. 2000). In determining whether excessive force was used, "courts look to several factors including: (1) 'the need for the application of force;' (2) 'the relationship between the need and the amount of force that was used;' (3) 'the extent of injury inflicted;' (4) 'the extent of the threat to the safety of staff and inmates, as reasonably perceived by reasonable officials on the basis of the facts known to them;' and (5) 'any efforts made to temper the severity of a forceful response.'" Brooks v. Kyler, 204 F.3d 102, 106 (3d Cir. 2000) quoting Whitley v. Albers, 475 U.S. 312, 321 (1986).

[8] In order to sufficiently allege a claim of a civil rights conspiracy, the complaint must specifically set forth: (1) the conduct that violated the plaintiff's rights; (2) the time and the place of the conduct; and (3) the identity of the officials responsible for the conduct. See Oatess v. Soboletitch, 914 F.2d 428, 431 n.8 (3d Cir. 1990) citing Colburn v. Upper Darby Twp., 838 F.2d 663, 666 (3d Cir. 1988). Furthermore, the allegations of conspiracy must be grounded firmly in facts; they cannot be conclusory nor can they hinge on bare suspicions and foundationless speculation. See Young v. Kann, 926 F.2d 1396, 1405 n.16 (3d Cir. 1991). Conspiracy claims must be pled with sufficient particularity to provide the defendants with fair notice of the claims against them. Loftus v. Southeastern Pa. Transp. Autho., 843 F.Supp. 981, 986 (E.D. Pa. 1994).

Although Plaintiff's Opposition Brief provides a few factual details that flesh out the Amended Complaint, they are not enough to satisfy the notice pleading requirements of the Federal Rules of Civil Procedure (both because the "allegations" are not contained within a complaint and because they do not provide the required notice of a "short and plain statement of the claim.").[9]

At this early stage of the pleadings, this Court cannot say that further amendment of the complaint is futile. Fed.R.Civ.P. 15(a)(1)(B)(2) ("the court should freely give leave when justice so requires."). Accordingly, Plaintiff will be given an opportunity to file a Second Amended Complaint to fully lay out the factual allegations underlying the arguments raised in his Opposition Brief.

The Second Amended Complaint **must** include all the claims against all the Defendants, fully explaining which individual Defendant took what action and when that action was taken. See In re Suprema Specialties, Inc. Sec. Litig., 438 F.3d 256, 267-77 (3d Cir. 2006) (a plaintiff must assert all the essential factual background that would accompany "'the first paragraph of any newspaper story' – that is, the 'who, what, when, where and how' of the event at issue.").

---

[9] In addition to a few more factual details about the facts underlying the allegedly false arrest incident, in his filing Plaintiff expands his list of legal claims to include:

| | |
|---|---|
| 1 | unlawful search in violation of Fourth Amendment based upon lack of probable cause; |
| 2 | unlawful seizure in violation of Fourth Amendment based upon arrest; |
| 3 | false imprisonment in violation of Fourth Amendment based upon arrest; |
| 4 | malicious prosecution in violation of Fourth Amendment based upon arrest; |
| 5 | harm to liberty interest in violation of the Due Process Clause of the Fourteenth Amendment; |
| 6 | state law claim of false arrest/false imprisonment; |
| 7 | state law claim of abuse of process; |
| 8 | state law claim of intentional infliction of emotional distress; |
| 9 | "conspire to do harm through legal system"; and |
| 10 | state law claim of defamation. |

ECF No. 21.

The Second Amended Complaint must be a single stand-alone document that does not incorporate or reference either the Original Complaint or the First Amended Complaint. In the interests of fairness to the Defendants who have now filed two dispositive motions, this will be Plaintiff's final opportunity to amend his complaint.

An appropriate Order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL D. WARDELL,** | ) | |
| Plaintiff, | ) | Civil Action No. 13-201Erie |
| | ) | |
| v. | ) | District Judge McVerry |
| | ) | |
| **CITY OF ERIE, et al,** | ) | Magistrate Judge Baxter |
| Defendants. | ) | |

**O R D E R**

AND NOW, this 24th day of July, 2014;

IT IS HEREBY ORDERED that Plaintiff file a Second Amended Complaint in accordance with this Memorandum Opinion before August 15, 2014. This will be Plaintiff's final opportunity to amend his complaint. In the event that Plaintiff fails to file a Second Amended Complaint before August 15, 2014, this action may be dismissed for failure to prosecute. Following the filing of the Second Amended Complaint, Defendants will have the opportunity to file or renew their motions to dismiss or file an answer.

IT IS FURTHER ORDERED that the following motions are dismissed without prejudice in light of this Order directing of the filing of a Second Amended Complaint:

- The motion to dismiss or motion for more definite statement filed by the City Defendants [ECF No. 15];

- The motion to dismiss filed by the County Defendants [ECF No. 18]; and

- The motion for summary judgment filed by Plaintiff [ECF No. 22].

IT IS FURTHER ORDERED that the Clerk of Courts is directed to terminate the "City of Erie" and "Sheriff's Dept" from the docket.

In accordance with Federal Rule of Civil Procedure 72, the parties are allowed fourteen (14) days from the date of service to file written objections to this Order. Failure to file timely objections may constitute a waiver of rights.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge